Agnes, A.J.
Introduction
On September 13, 2001, this Court (Haggerty, J.) allowed plaintiffs’ unopposed motion for issuance of Letters Rogatory and Commission re: Jose Bettencourt and Marie Bettencourt of Santa Antao, 9875 Topo, Sao Jorge, Azores, Portugal. Because of the inconvenience and expense of having five teams of lawyers travel to Portugal, and because of the current uncertainty about air travel, plaintiffs now move to take the Bettencourts’ depositions by telephone or video teleconferencing. Defendants oppose the' motion, arguing that, because Bettencourt has been deported, the only purpose of the motion is to videotape the Bettencourts’ testimony for use at trial.
*736 For the following reasons, the motion is ALLOWED in part and DENIED in part.
Background
On August 24, 1997 plaintiff Kenneth Shaw (“Shaw”), a Lowell police officer, was injured by ahull while working a private detail at a “bloodless bullfight” being held on property owned by defendant Holy Ghost Society, Inc (“Holy Ghost”). The bulls were owned and brought to the event by Jose Bettencourt and his company, Ganadería Internacional, who were authorized to conduct the event by the Holy Ghost Board of Directors. The plaintiffs brought this action against Holy Ghost and its then president, Dimas Espinóla, for strict liability, negligence and gross negligence.[3] Defendants deny liability and also claim charitable immunity, contending that all aspects of the event were handled by Bettencourt. Plaintiffs seek the Bettencourts’ testimony in connection with defendants’ denial of liability and claim of charitable immunity.
Discussion
A party “may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parly seeking discovery or to the claim or defense of any other party.” Mass.R.Civ.P. 26(a). Here, the depositions sought by plaintiffs are clearly relevant to defendants’ claims and defenses. Massachusetts courts have broad discretion in ordering the manner in which depositions are to be taken. Pursuant to Mass.R.Civ.P. 30(b)(4), “by leave of court upon motion with notice and an opportunity to be heard in opposition ... a deposition may be taken by other than stenographic means,” if there are “provisions to assure that the recorded testimony will be accurate and trustworthy.” Pursuant to Mass.R.Civ.P. 30(b)(4) and 30A, depositions may be taken by telephone. Courts have also approved taking a deposition by teleconferencing. See Rothenberg v. Bright Horizons Children’s Centers, Inc., 1998 WL 118915 (Mass.Super.) (Borenstein, J.). See also, United States of America v. Nippon Paper Industries, Ltd., 17 F.Sup.2d 38, 39 (D.Mass. 1998) (videoconferencing offers many of advantages of videotaped depositionjury connects a face to words, absorbs context of questions and answers and gains a purchase on testimony that is absent without the immediacy of the image of the witness). Id. Nippon allowed video teleconferencing “during a trial, to allow an off-site witness to testify ‘live’ during a trial, to be examined in real time by the lawyers, with the trial judge presiding, in front of the jury.” The Nippon court cautioned, however, that should testimony by teleconference “occur with any regularity, trial by deposition would substitute for trial by confrontation.” Id. Here, plaintiffs seek only to use the teleconference technology so that the attorneys, from their offices in the United States, may depose witnesses in Portugal.
Defendants oppose the motion, arguing that deposition by telephone would be “highly prejudicial,” in that it would limit the defendants’ ability to cross examine, to assess the credibility and demeanor of deponents, or to refer the deponents to documents. A video teleconference should eliminate these objections, as the attorneys and the deponents will be “face to face,” albeit at a distance. Defendants also object to video teleconferencing because they consider it inappropriate to introduce at trial videotaped testimony from a witness who has been deported and is prohibited from entering the country to testify. That issue is not before this Court. If the videotaped testimony has been obtained in accordance with the procedures set forth in Mass.R.Civ.P. 30A, the trial judge may order the introduction of such testimony at trial only upon a determination that such evidence is “in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court.” Mass.R.Civ.P. 30A(k)(1).
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ motion to use a video teleconference to take the depositions of the Bettencourts is ALLOWED. The deposition shall be conducted in accordance with the procedures set forth in Mass.R.Civ.P. 30A. The motion to take the depositions by telephone is DENIED. The admissibility of any videotaped testimony at trial shall be determined by the trial judge. '

 Bettencourt and Ganadería were originally named as defendants in this action. When Bettencourt was subsequently deported, he was dismissed from this case and a separate suit was brought against him and his company in Middlesex Superior Court (Civil Action 2000-03919). That case is currently pending. In the instant action, Bettencourt and Ganadería are named in the amended complaint directly and as agents of Holy Ghost.